Filed 12/14/22  Stevenson v. Zakhar CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| ANNETTE STEVENSON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JAMES ZAKHAR et al.,<br><br>    Defendants and Respondents. | B311764<br><br>(Los Angeles County<br>Super. Ct. No. BC714372) |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge. Affirmed.

Annette Stevenson, in pro. per., for Plaintiff and Appellant.

Carlson Law Group, Jason M. Murphy and Coleen H. Lowe for Defendants and Respondents.

`

## INTRODUCTION

Annette Stevenson appeals from the trial court's order denying her motion to vacate and set aside the order dismissing, with prejudice, her complaint against James Zakhar, Cheryl Zakhar and The Zakhar Family Trust (collectively, Zakhar). For the reasons discussed below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2018, Stevenson filed a complaint against Zakhar for breach of warranty of habitability and breach of peaceful and quiet enjoyment of premises. The trial court set the matter for a jury trial on August 5, 2019.

On August 2, 2019, Stevenson moved ex parte to continue the August 5, 2019 trial date. The court denied the request.

On August 5, 2019, the day trial was set to begin, Stevenson filed an ex parte request for reconsideration of her motion to continue trial. In support of her request for reconsideration, Stevenson attached letters from her physicians stating she suffers from major depressive disorder, and that she is "unable to handle undue stress or represent herself in a court of law."

The court granted Stevenson's motion for reconsideration, and continued the trial date to January 6, 2020. The court also set a hearing for an "Order to Show Cause Re: Dismissal" for the same date.

On January 6, 2020, the trial court dismissed the complaint with prejudice.[1]

Over a year later, on January 15, 2021, Stevenson filed a motion to vacate and set aside the court's January 6, 2020 order of dismissal under Code of Civil Procedure section 473. Code of Civil Procedure section 473, subdivision (b) authorizes the trial

---

[1] The January 6, 2020 minute order is not in the record on appeal. The parties agree, however, that Stevenson failed to appear at trial.

2

court to relieve a party from a dismissal entered as a result of the party's "mistake, inadvertence, surprise or excusable neglect." Application for this relief, however, must be made "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (Code Civ. Proc., § 473, subd. (b).) Stevenson argued she suffers from major depressive disorder and the "interests of justice would have been best served by a continuance of the [t]rial." The court denied the motion on the ground it was untimely. The court stated it has "no jurisdiction or power to act, the entire action having been concluded long ago, and there being no constitutional due process violation shown which might justify or even permit any re-opening of the case."

Stevenson appeals from the order denying her motion to vacate the order of dismissal.

## DISCUSSION

Stevenson's sole contention on appeal is the court erred by not granting her motion to continue trial based on her unavailability. As discussed above, however, the trial court *granted* her motion for reconsideration, and continued the trial date from August 5, 2019 to January 6, 2020.

The record does not reflect Stevenson filed any subsequent motions to continue trial. Thus, although not entirely clear, it appears Stevenson contends the trial court erred by not continuing the trial date on its own motion when she failed to appear for trial on January 6, 2020. Stevenson fails to cite any authority in support of her position. We therefore deem this contention forfeited. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852, fn. omitted ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]."].) Nor does she argue the trial court erred by denying her motion to vacate on the ground it was untimely. (See *Jones v.*

3

*Superior Court* (1994) 26 Cal.App.4th 92, 99 ["Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues [forfeited]."].)

Accordingly, we conclude Stevenson failed to meet her burden on appeal to demonstrate reversible error.

## DISPOSITION

The order is affirmed. In the interests of justice, costs on appeal are not awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

COLLINS, Acting P.J.

SCADUTO, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

4